### BROWER v. BROOKLYN TRUST CO. et al.

(Supreme Court, General Term. Second Department. December 12, 1892.)

1. FRAUDULENT CONVEYANCE—MORTGAGE TO SECURE ADVANCES.

A mortgage executed by a corporation after its insolvency, but in pursuance of an agreement to secure advances made before there was any expectation of insolvency, is not made "in contemplation of insolvency," and is valid. Paulding v. Steel Co., 94 N. Y. 334, followed.

2. SAME—POWERS OF OFFICERS OF CORPORATION.

Where such agreement to secure advances was made by an officer of the company, his authority to bind the corporation cannot be questioned where the corporation and its creditors received the benefit of such advances.

Appeal from special term, Kings county.

Action by George V. Brower, as receiver of the Ridgewood Ice Company, against William A. Husted and Brooklyn Trust Company, as trustee for the holders of certain bonds, impleaded with Joseph D. Baucus and Alfred J. Voyer, and Ridgewood Ice Company and James R. Downer, as trustee for certain creditors, to set aside three mortgages made by the Ridgewood Ice Company,—one to the Brooklyn Trust Company, for $140,000, to secure a series of 140 bonds of $1,000 each; one to William A. Husted, for $126,300; and one for $167,085 to James R. Downer, as trustee, to secure a large number of creditors of the company. From a judgment at special term sustaining the mortgage of $140,000 and the Husted mortgage for $126,300, and setting aside the Downer mortgage, plaintiff, and defendants Joseph D. Baucus and Alfred J. Voyer, appeal. Affirmed.

The mortgage to Husted was assailed on the ground that it was made because of or in anticipation of the insolvency of the mortgagor company, and therefore void, under the prohibition of the statute relating to corporations and the disposition of their property when insolvent or in contemplation of insolvency. The Husted mortgage was given after the company's insolvency, but under an agreement made when the company was solvent, whereby money was raised to fill its ice houses, and at a time when there was no expectation of insolvency.

For former reports, see 14 N. Y. Supp. 462, 17 N. Y. Supp. 707.

Argued before DYKMAN and PRATT, JJ.

J. F. Marean, for appellant Brower.

Edgar T. Brackett, for appellant Baucus.

Myer Nussbaum, for appellant Voyer.

Bergen & Dykman, (James C. Bergen, of counsel,) for respondent Brooklyn Trust Company.

Henry Daily, Jr., for respondent Husted.

PRATT, J.   The main question presented by the appeals is as to the validity of the Husted mortgage.   It was found by the trial court, upon evidence amply justifying such finding, that the advances to secure which the mortgage was given were made to the Ridgewood Ice Company upon the faith of a promise by an officer of the company to secure them by such mortgage.   The authority of such officer to bind the corporation cannot be questioned, the corporation, and indirectly its creditors, having had the benefit of the advances.   These facts bring the case within the authority of Paulding. v. Steel Co., 94 N. Y. 334, that such a mortgage, though made when the corporation was actually insolvent, and known to be so, is not, within the meaning of the statute, made "in contemplation of insolvency."   No sound distinction can be made between the case cited and the case at bar.   There may be doubt as to the question raised by the failure of the Brooklyn Trust Company to file a true copy of its mortgage within the year, yet we cannot see that such failure resulted in any harm to the appellants.   We therefore think the judgment should be affirmed.   Judgment accordingly.